FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.

★ NOV 25 2014 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

ANTHONY RUGGIANO,

Defendant.

05-CR-425

Statement of Reasons for Sentencing
Pursuant to 18 U.S.C. § 3553(c)(2)



**JACK B. WEINSTEIN, Senior United States District Judge:**

**Table of Contents**

I.   Introduction ............................................................................................................................1
II.  Offense Level and Category ...................................................................................................2
III. Law .........................................................................................................................................2
IV.  18 U.S.C. § 3553(a) Considerations ......................................................................................3
V.   Sentence .................................................................................................................................4
VI.  Conclusion .............................................................................................................................5

## I. Introduction

On November 11, 2006, Anthony Ruggiano pled guilty to the first count of a three count indictment. Count 1 of the indictment charged that between 1987 and September 2005, defendant, being a person employed by and associated with the "Gambino Family" (the "Family") conspired to conduct and participate in the affairs of the Family through a pattern of racketeering activity, in violation of 18 U.S.C. §§ 1962(d) and 1963(a).

Ruggiano pled guilty to four racketeering acts described in Count 1:

- Conspiring to cause the death of Frank Boccia, in violation of New York Penal Law §§ 125.25(1) and 105.15;

- Causing the death of Boccia, in violation of New York Penal Law §§ 125.25(1) and 20.00;

- Owning and operating a gambling business involving bookmaking, in violation of New York Penal Law §§ 225.05, 255.10(1) and 20.00, and 18 U.S.C. § 1955; and

- Advancing and profiting from unlawful gambling activity by engaging in bookmaking, in violation of New York Penal Law §§ 225.10(1) and 20.00.

On November 13, 2014, Ruggiano was sentenced to time served and a supervised release term of five years, which is below the United States Sentencing Commission's Guidelines standard. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere, as well as the factors and considerations that a district court must evaluate in imposing a sentence in accordance with 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

## II.   Offense Level and Category

The total offense level is 40. The criminal history category is VI (the highest category), yielding a guidelines imprisonment range of 360 months custody to life. U.S.S.G. §5A.

## III.   Law

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in section 3553(a)(4) of Title 18, the court shall indicate the specific reasons for imposing a sentence different from the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the Guidelines has

been excised and they are now "advisory," *United States v. Booker*, 543 U.S. 220, 245–46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2), *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006), *abrogated in part on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007)). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

### IV.  18 U.S.C. § 3553(a) Considerations

Ruggiano is a major criminal with multiple convictions and a history of grave and deplorable criminal actions, including murder. The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant" in sentencing him. 18 U.S.C. § 3553(a)(1).

Ruggiano grew up in difficult and extreme childhood circumstances. His father was a major organized mafia crime figure; his father's entourage was also heavily involved in criminal activities. Ruggiano characterized his upbringing as "chaotic," recalling that his father had been to prison and that there were always law enforcement officials at the house. Family dinners revolved around topics of jail and ongoing criminal activity. Excessive alcohol intake was common. Ruggiano followed in his father's footsteps, embracing this lifestyle until approximately eight years ago.

3

When he was arrested in the instant case, in 2006, Ruggiano used the opportunity to make a break with his former life. During his prison term, he experienced an epiphany followed by a period of self-reflection on the "wreckage" of his life. He immediately began cooperating with the government concerning activities of the Gambino Family and others involved in organized crime.

Since his arrest in 2006, he has turned his life around. The government describes Ruggiano's cooperation in bringing down organized crime as "historic." He has testified at multiple jury trials, enabling the government to secure convictions of important crime leaders. Throughout the past eight years, according to multiple current and former United States attorneys, Ruggiano has committed himself to providing complete and truthful information to the government. His cooperation continues today in a number of cases.

A former addict himself, Ruggiano is scheduled to begin a program in November of this year that will provide him with certification as an addiction counselor. Ruggiano has been clean and sober since 1989. His current employer describes him as an admirable employee.

V.  **Sentence**

Under section 3553(a)(2)(B) of Title 18, a sentencing court must consider two major factors: general and specific deterrence. Over the past eight years, Ruggiano has proven himself to be a useful government tool. His services are being used to destroy the remnants of the mafia in New York City. Were the court to sentence him to a prison term, that valuable tool would be extinguished; there is a high likelihood that Ruggiano would be killed by mafia allies during his time in prison.

In light of Ruggiano's extensive cooperation and the contents of the government's sealed U.S.S.G. § 5K1.1 letter, on November 13, 2014, Ruggiano was sentenced to time served. A

4

$100 special assessment was imposed. 18 U.S.C. § 3013(a)(2)(A). No fine was levied and no restitution was ordered because Ruggiano does not possess substantial assets and is unlikely to possess assets in the future. He was sentenced to a supervised release term of five years, under the condition that he continue to fully cooperate with the government. 18 U.S.C. §3583(a) and (b)(1); U.S.S.G. §§ 5D1.1(a) and 5D1.2(a)(1).

## VI. Conclusion

General and specific deterrence are achieved by the sentence imposed, and all elements of the Sentencing Guidelines and statutes have been considered. Respectful consideration was given to the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a), to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing.

SO ORDERED.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: November 18, 2014
       Brooklyn, New York